[Civ. No. 2537. First Appellate District.—October 8, 1918.]

## A. LAPALLETERIC, Respondent, v. BETTY SHIMONOW-SKY, Appellant.

BOUNDARIES—DIVISION LINE—ACQUIESCENCE IN.—A lot owner cannot question the boundary line between himself and his adjoining owner, consisting of the line of a division fence erected by their common grantor, where, for many years, no suggestion was ever made that the fence was not on the true line, and the owner whose title was disputed had always had possession of the land within the boundary fences and paid taxes thereon, although the two lots were conveyed to the several owners by the common grantor by metes and bounds.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Frank W. Taft, for Appellant.

Charles Kasch, for Respondent.

STURTEVANT, J., *pro tem.*—This is an action to quiet title. Judgment went for the plaintiff and defendant appealed under section 953a of the Code of Civil Procedure. The common grantor, L. R. Whited, owned a town lot in Willits, Mendocino County. While the owner, he put up a fence dividing the lot into what we shall term the north lot and the south lot. May 8, 1904, he conveyed the north lot to the husband of the defendant, now deceased. May 20, 1904, Whited conveyed the south lot to Frost and by mesne con-

veyances, that lot came into the ownership of the plaintiff. In the grants by Whited each lot was described by metes and bounds. That the fence was not on the true line was never suggested by anyone till four or five months before plaintiff filed this action. At that time a survey was made and a dispute arose in which plaintiff commenced to assert a claim that the fence line was three feet two inches over on his land. From May 8, 1904, the defendant had possession of the land within the boundary fences, paid taxes thereon, gardened some berries thereon, rebuilt on the fence line a part of the fence, and built improvements on that land in such a place that the same are overlapped by the new survey. Under such facts the plaintiff may not now question the location of the boundary line. (*Sneed* v. *Osborn,* 25 Cal. 619; *Young* v. *Blakeman,* 153 Cal. 477, [95 Pac. 888].) Whatever question may have existed when this case was on trial, as to the true limits of the rule in the Blakeman case, all such questions have been brushed aside by the later case of *Silva* v. *Azevedo,* 178 Cal. 495, [173 Pac. 929].

The judgment is reversed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.